STATE ex rel BYWATER v. COOK, STATE AUDITOR.

[Argued November 23, 1893.　Decided November 27, 1893.]

APPROPRIATION FOR REWARDS—*Mandamus against auditor*.—The state auditor cannot be compelled by *mandamus* to draw his warrant on the fund appropriated for rewards for a given fiscal year in favor of a person entitled to such reward where the conviction of the criminals for whom the reward was offered was not had until after the expiration of such fiscal year, when such fund had been transferred to the general fund by the state treasurer as required by law.

Original proceeding.　Application for writ of mandate to compel the state auditor to issue a warrant for the amount of a reward offered for the conviction of criminals.　Denied.

*Ella L. Knowles*, for Relator.

*Alex C. Botkin*, for Respondent.

PEMBERTON, C. J.—The affidavit in this case states that on the twenty-ninth day of November, 1892, the passenger train of the Great Northern Railway Company was stopped and held up, and the express and baggage car attached to said train was robbed of valuable goods, etc., by three masked men near Malta in this state; that on the thirtieth day of November, 1892, Hon. J. K. Toole, the then governor of the state, by proclamation of that date, published and offered a reward of $500 for the apprehension and delivery to the sheriff of Dawson county of the person or persons guilty of said offense; that on the first day of December, 1892, affiant procured the arrest of one of the parties guilty of said offense, and after that day one other of said parties; that said guilty parties were thereafter duly convicted of said offense and sentenced to the penitentiary of the state; that the legislature had theretofore appropriated the sum of $2,000 for each of the fiscal years ending respectively on the first day of December, 1891, and the first day of December, 1892, for rewards.　That there were in the hands of the state treasurer on the first day of December, 1892, $2,000, subject to the payment of said reward offered by the governor; that in the months of December, 1892, and January, 1893, the state board of examiners notified the state auditor and state treasurer of the existence of this claim; that on the seventh day of January, 1893, this affiant presented his

claim for said reward to the state board of examiners and demanded the payment thereof; that subsequently thereto the state treasurer transferred the whole of the appropriation for rewards for said year into the general fund of the state; that on the twenty-second day of June, 1893, the state board of examiners, upon proper proofs and showing, allowed and approved of said claim of said affiant for said reward in the sum of $500, and ordered the same paid out of the appropriation for rewards for the year 1892; that on the same day the state board of examiners notified the state treasurer in writing to transfer to the fund designated as rewards the sum of $500 out of any money in the treasury not otherwise set apart, to the credit of the reward fund for the purpose of paying this claim; that the respondent is the auditor of the state; that on said twenty-second day of June, 1893, this claim was duly presented to said auditor, who refused to draw his warrant therefor, but returned it indorsed "Returned. No funds. A. B. Cook, state auditor"; that said auditor still refuses to draw said warrant; that there is now in the hands of the state treasurer the sum of $500 to pay said reward.

From the foregoing statement, it will be seen that the relator seeks to compel the state auditor by writ of mandate to issue his warrant on the fund appropriated for rewards for the fiscal year 1892, for the payment of his claim. From the affidavit in this case it appears, that when the fiscal year of 1892 expired the affiant had no legal demand against the state.

No liability on the part of the state accrued to pay this reward until after the conviction of the parties for whose apprehension and delivery to the authorities the reward was offered. (Comp. Stats. 1887, § 287, 4th div.) It appears from the affidavit herein that such conviction was not had until after the expiration of the fiscal year 1892. The affiant's claim was not allowed by the state board of examiners until the twenty-second day of June, 1893. At that time the reward fund for the year 1892 had been transferred to the general or unused fund by the state treasurer as required by law. We think this was not a claim chargeable to the reward fund appropriated for the year 1892, which expired on the first day of December of that year, and therefore are of the opinion that the auditor can

not be legally required to draw his warrant on said fund for the year 1892. When the fiscal year 1892 expired, the relator had only a contingent or conditional demand upon the state for this reward. His claim depended upon the apprehension and conviction of the parties guilty of the crime for which the reward was offered. These conditions were not fulfilled and complied with until after the expiration of the fiscal year 1892. The conviction of these parties might not have been secured for five or ten years. In such case could this reward be held to be a demand against the reward fund for the year 1892, and the auditor be required to draw his warrant on that fund for that year merely because a reward was offered in that year? We think not.

We think this case very different from a case where a specific appropriation has been made for a certain year for the erection of a state building, and such building has not been completed within the fiscal year for which the fund has been appropriated. In such case we think the fund has been, in contemplation of law, put to use or virtually expended when the authorized state agents have contracted for the construction of such building. Although said state agents may in fact hold the fund appropriated, or a part thereof, in the hands of the treasurer to secure the fulfillment of the contract for the erection and completion of the same. We see no good grounds for the alarm expressed by counsel in this case as to the effect the holding in this case will or may have on the unexpended funds of any specific appropriation remaining in the treasury at the expiration of any fiscal year. It will be time enough to determine the fate of these appropriations when an occasion shall arise for so doing.

The writ of mandate is denied.

HARWOOD, and DE WITT, JJ., concur.